UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PROGRESSIVE AMERICAN
INSURANCE COMPANY,

      Plaintiff,

v.                         CASE No. 8:12-CV-1323-T-TGW

UNITED STATES OF AMERICA,

      Defendant.

## O R D E R

The plaintiff Progressive American Insurance Company in its amended complaint seeks subrogation from the defendant United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346(b)(1), 2671 et seq., for an amount it paid its insured as uninsured motorist benefits. The defendant has filed a motion to dismiss on the ground of lack of subject matter jurisdiction. The plaintiff failed to file an administrative claim within the time limits prescribed by the FTCA. As a result, this court lacks subject matter jurisdiction over this suit. Accordingly, the motion to dismiss will be granted.

I.

On May 15, 2007, a rental vehicle operated by Lieutenant Colonel Jeremy Hutchins, an active duty officer of the United States Air Force, collided with a vehicle driven by Michael Casselton, the plaintiff's insured (Doc. 9, ¶4; Doc. 12-1). The accident occurred approximately one-half to three-quarters of a mile from the MacDill Air Force Base gate on Bayshore Boulevard in Tampa, Florida (Doc. 13-1, p. 34). Casselton's vehicle was destroyed, and he suffered permanent bodily injuries (Doc. 9, ¶4; Doc. 13-1, pp. 37-38).

According to Hutchins, he spoke "at length" with Casselton, a former master sergeant with 21 years of service in the Air Force, about their military careers while waiting for the police to arrive at the accident scene (Doc. 12-1; Doc. 13-1, p. 27). Hutchins states that he was wearing a military uniform (dress blues with epaulets displaying his rank, a name tag, and an occupational badge) at that time (Doc. 12-1). Casselton, however, testified that Hutchins was on the phone when he got out of the rental car, and he could not recall if Hutchins was wearing a military uniform (Doc. 13-1, p. 37).

Hutchins further asserts that he identified himself to the responding police officer as an on-duty officer of the Air Force, and he indicated that the accident would be covered by his employer (Doc. 12-1, p. 2). Hutchins states that the accident report "reflected the motor vehicle insurance company for the vehicle I was operating as 'self-insured' and 'U.S. Government'" (id.).

At the time of the collision, Casselton had an automobile liability insurance policy with the plaintiff (Doc. 9, ¶2). The policy provided Casselton with uninsured/underinsured benefits in the amount of $50,000 (id.).

In May 2011, Casselton brought an action for damages against the plaintiff and Hutchins in state court (id., ¶6). The United States removed the matter to this court, certifying that at the time of the accident Hutchins was acting within the scope of his employment as an officer of the Air Force. Casselton v. United States, et al., 8:11-CV-2078-T-27TGW (Doc. 1). Thereafter, the United States was substituted as a defendant in lieu of Hutchins. Casselton's claim for uninsured motorist benefits against the plaintiff was settled on February 17, 2012, with the plaintiff paying $50,000 to Casselton (Doc. 9, ¶7).

The plaintiff alleges that it had no notice of Casselton's uninsured motorist claim until the commencement of the state court proceedings (id., ¶9).  Further, the plaintiff asserts that the settlement of Casselton's claim occurred after the plaintiff became aware that Casselton was seeking uninsured motorist benefits rather than underinsured motorist benefits (id., ¶10).

The plaintiff submitted an administrative tort claim to the Air Force on April 3, 2012 (id., ¶8).  The Air Force denied the plaintiff's claim, stating that it was presented "nearly five years after the May 15, 2007 motor vehicle accident; beyond the two (2) year statute of limitations prescribed under the FTCA" (Doc. 9-1).

Thereafter, the plaintiff brought this action for subrogation against the defendant (Doc. 9).[1]  The plaintiff seeks recovery of the $50,000 payment it made to settle Casselton's uninsured motorist claim.

The defendant has moved to dismiss for lack of subject matter jurisdiction, arguing that the plaintiff did not exhaust its administrative remedies by filing a claim with the Air Force within two years of the date of

---

[1]The plaintiff originally filed suit for subrogation against the Air Force (Doc. 1). However, the plaintiff later substituted the United States as the defendant in this action (Docs. 8, 9).

the accident (Doc. 12).   The motion is supported by the Declaration of Lieutenant Colonel Hutchins (Doc. 12-1). The plaintiff filed in opposition to the motion a memorandum with an attached deposition of Casselton, contending that its cause of action for subrogation did not accrue until it reached a settlement with Casselton (Doc. 13).  Alternatively, the plaintiff argues that this case merits equitable tolling of the FTCA's period of limitations.  Oral argument was subsequently conducted on the motion.

II.

The FTCA is a limited waiver of the sovereign immunity of the United States and must be strictly construed. <u>Phillips</u> v. <u>United States</u>, 260 F.3d 1316, 1318 (11th Cir. 2001).  However, a federal court may not exercise jurisdiction over an FTCA claim unless "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. 2675(a). The claim must be submitted to the agency "within two years after such claim accrues...." 28 U.S.C. 2401(b).

The defendant has moved to dismiss this suit pursuant to Rule 12(b)(1), F.R.Civ.P., for lack of subject matter jurisdiction because a claim was not submitted to the Air Force within two years after the claim accrued.

A motion to dismiss under Rule 12(b)(1) can be resolved either on the face of the complaint, or on the basis of factual submissions. <u>Carmichael</u> v. <u>Kellogg, Brown & Root Services, Inc.</u>, 572 F.3d 1271, 1279 (11th Cir. 2009). Here, either approach demonstrates that the plaintiff's administrative claim was untimely, so that the court lacks subject matter jurisdiction of this case.

The timeliness of this suit turns on when the plaintiff's claim accrued. The plaintiff alleges that the claim "accrued either on May 19, 2011, the date when [the plaintiff] was first placed on notice of an uninsured/ underinsured motorist claim by Michael Casselton or, alternatively, on October 5, 2011, when the USA was substituted as a party for Lt. Col. Jeremy Hutchins, and dismissed from the Federal Court action" (Doc. 9, ¶11). The defendant, on the other hand, contends that the claim accrued on the date of the accident, May 15, 2007 (Doc. 12).

On this issue, the plaintiff argues in its response that Florida law should govern the date of accrual, which is said to be the date when the plaintiff paid Casselton's claim for uninsured motorist's benefits (Doc. 13, p. 2). This is different than the accrual date alleged in the amended complaint (Doc. 9, ¶11). This discrepancy in asserted accrual dates makes no difference. The plaintiff's proposed dates are based on state law and

-6-

plaintiff's counsel acknowledged at the hearing that he has no authority for the proposition that state law governs when a claim accrues under the FTCA. The law, moreover, is to the contrary. Thus, federal law determines when a claim accrues under the FTCA. Mendiola v. United States, 401 F.2d 695 (5th Cir. 1968); Quinton v. United States, 304 F.2d 234 (5th Cir. 1962).[2]

"The general rule is that a claim under the FTCA accrues at the time of injury." Diaz v. United States, 165 F.3d 1337, 1339 (11th Cir. 1999) (citing United States v. Kubrick, 444 U.S. 111, 120 (1979)). In this case, the two-year period to present an administrative claim to the Air Force is computed from the date of the motor vehicle accident, May 15, 2007. Therefore, in order to be timely, either Casselton or the plaintiff had to submit a claim on or before May 15, 2009. Both failed to do so, and, as a result, any such claim is barred by the FTCA.

The plaintiff argues that the claim did not accrue at least until Casselton learned of the government's involvement in the matter upon its substitution as defendant for Hutchins. That argument fails for several reasons. In the first place, the plaintiff has not cited any authority showing

---

[2]In Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

that Casselton's purported lack of knowledge creates an exception to the rule that the claim accrues at the time of the accident. Further, as a facial matter, the amended complaint contains no allegation that Casselton was not aware of the government's potential liability.

Moreover, as a factual matter, the contention that Casselton did not know of the government's involvement is implausible. Hutchins submitted an affidavit stating that, after the accident, which occurred outside the Bayshore Gate to MacDill Air Force Base, he talked with Casselton while wearing his Air Force uniform about their respective military service (Doc. 12-1). Casselton's deposition testimony that he did not recall that Hutchins was in uniform (Doc. 13-1, p. 37) is patently insufficient to counter Hutchins's unequivocal evidence. In addition, the police report of the accident, which is appropriately considered since it was filed in a related case of which the plaintiff requested the court to take judicial notice (Doc. 14), lists the vehicle insurance company as "self-insured" and its address as "U.S. Government." Casselton v. United States, et al., 8:11-CV-2078-T-27TGW (Doc. 30-1). Under these circumstances, Casselton, a twenty-one year Air Force veteran, had every reason to think that the United States, through the Air Force, was potentially liable for the accident.

Seeking to avoid Casselton's failure to submit a timely claim, the plaintiff argues that its claim is one for subrogation, and that claim did not accrue until it paid Casselton uninsured motorist benefits in February 2012 (Doc. 13, p. 9). That contention cannot overcome Casselton's failure. As the defendant correctly notes (Doc. 12, pp. 6-8), a subrogee "'stands in the shoes' of the subrogor and is entitled to all of the rights of its subrogor, but also suffers all of the liabilities to which the subrogor would be subject." Allstate Insurance Co. v. Metropolitan Dade County, 436 So.2d 976, 978 (Fla. App. 1983) (citations omitted).

Accordingly, both the Second Circuit and the Northern District of Florida have ruled in cases like this one that a subrogated insurer is bound by the time limits under the FTCA that are applicable to its insured. Great American Insurance Co. v. United States, 575 F.2d 1031 (2nd Cir. 1978); Liberty American Insurance Group v. United States Air Force, 2008 WL 906848 (N.D. Fla.). In those two cases, as here, there was injury allegedly caused by government agents and that injury was covered by insurance. The insureds did not file any claim with the government agency. The insurers paid the insureds for their injury and then sought to recover that payment from the United States under the FTCA. Both courts concluded that the

-9-

insurers' subrogation claims were untimely even though the claims by the insurers were submitted within two years of the payments to the insureds. There, as here, the time for submitting a claim had run out due to the insured's failure to file a claim and was not restarted by the insurer's payment, which created rights of subrogation. These cases, therefore, demonstrate that, because this plaintiff stands in Casselton's shoes, its subrogation claim is time-barred by Casselton's failure to submit a timely claim.

Finally, the plaintiff argues that, even if its claim accrued on the date of the accident, this case merits equitable tolling (Doc. 9, ¶11; Doc. 13, pp. 15-16). Thus, the plaintiff contends that "it should not be in a position where the statute of limitations expired prior to it having the legal right to even bring a claim for subrogation" (Doc. 13, pp. 2-3). In the alternative, the plaintiff seeks equitable tolling on the ground that Casselton did not know that the defendant was involved in the accident until September 14, 2011 (id., p. 3). This latter contention has already been rejected because, as previously explained, the facts show that, as of the date of the accident, Casselton had ample reason to think that the United States was implicated in the accident.

To date, the issue of whether the doctrine of equitable tolling applies to the FTCA has not been decided by the United States Supreme Court or the Eleventh Circuit. Those courts of appeals that have decided the issue are divided. See Santos ex rel. Beato v. United States, 559 F.3d 189, 194-97 (3rd Cir. 2009)(equitable tolling permissible); Marley v. United States, 567 F.3d 1030, 1038 (9th Cir. 2009) (no equitable tolling). The Eleventh Circuit has recently reiterated that it has never decided whether equitable tolling extends to FTCA claims. Ramos v. United States Department of Health and Human Services, 429 Fed. Appx. 947, 951 (11th Cir. 2011).

In my view, equitable tolling does not apply to FTCA claims. In short, the FTCA is a limited waiver of sovereign immunity that, like all such waivers, is to be narrowly construed. While the Supreme Court held in Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990), that equitable tolling could be applied against the government, that case involved an employment discrimination claim, and not a suit under the FTCA. Moreover, in United States v. Dalm, 494 U.S. 596, 609 (1990), the Supreme Court in a tax refund suit under 28 U.S.C. 1346(a)(1) seeking equitable recoupment of taxes paid held that the district court did not have jurisdiction over the suit

because the taxpayer was required by statute to file a timely administrative
claim and she failed to do so. The Court stated (494 U.S. at 609-10):

> Having failed to comply with the statutory
> requirements for seeking a refund, she asks us to
> go beyond the authority Congress has given us in
> permitting suits against the Government. If any
> principle is central to our understanding of
> sovereign immunity, it is that the power to consent
> to such suits is reserved to Congress.

See also Henderson v. United States, 517 U.S. 654, 672-73 (1996)(Scalia, J.,
concurring)("It assuredly is within the power of Congress to condition its
waiver of sovereign immunity upon strict compliance with procedural
provisions attached to the waiver, with the result that failure to comply will
deprive a court of jurisdiction"). This case is like Dalm, not Irwin, because
here as in Dalm the waiver of sovereign immunity was conditioned upon a
statutory requirement of the filing of a timely administrative claim prior to the
filing of a lawsuit. See Henderson v. United States, supra, 517 U.S. at 678 n.
3 (Thomas, J., dissenting). Consequently, in my view, the plaintiff cannot
rely upon equitable tolling to overcome the failure to submit a timely
administrative claim.

In any event, even if equitable tolling did apply to FTCA suits,
the plaintiff has failed to show that it should apply here. As the Eleventh

Circuit has explained, "[e]quitable tolling is a form of extraordinary relief that courts have extended 'only sparingly,' and only in situations in which a litigant has made an 'untimely fil[ing] because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" Torjagbo v. United States, 285 Fed. Appx. 615, 617-18 (11ᵗʰ Cir. 2008) (citations omitted). Notably, no case has been cited and none has been found in which the Eleventh Circuit has applied equitable tolling to overcome a limitation bar in an FTCA case.

The plaintiff argues that equitable tolling is warranted because "despite all due diligence, [it] was unable to obtain vital information bearing on the existence of, or the value of, the claim against it until almost four years after the occurrence of the ... motor vehicle accident" (Doc. 9, ¶11). This contention is unpersuasive.

This is not a case where the plaintiff had no notice of the accident. The plaintiff acknowledged at the hearing that it had knowledge of the accident in connection with Casselton's personal injury protection ("PIP") claim. It is hard to believe that the plaintiff was not also aware of a property damage claim since Casselton's vehicle was damaged to the extent that it had to be towed from the scene (Doc. 13-1, pp. 37-38).

At the hearing, plaintiff's counsel represented that the plaintiff does not investigate PIP claims because they are no-fault. (No mention was made of a property damage claim). The adoption of that business practice plainly does not amount to extraordinary circumstances that are beyond the plaintiff's control and unavoidable with diligence. Since the plaintiff had knowledge of the accident, it could have investigated the matter if it wanted to. Its failure to do so was certainly not the government's fault. Consequently, there is no basis in this case for equitable tolling.

In sum, the claim in this case accrued on May 15, 2007, the date of the accident. As a result, the plaintiff's administrative claim, which was filed with the Air Force in 2012, was untimely and thus "forever barred" by §2401(b). Moreover, equitable tolling would not seem to apply to the failure to file a timely administrative claim under the FTCA, but even if it did, the plaintiff has not asserted any circumstances which would warrant equitable tolling.

It is, therefore, upon consideration

ORDERED:

That the Defendant's Motion to Dismiss the Amended Complaint for Lack of Subject Matter Jurisdiction (Doc. 12) be, and the same is hereby

GRANTED, and the Amended Complaint is hereby **DISMISSED** for lack of subject matter jurisdiction.   The Clerk is directed to enter judgment accordingly and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this ̲2̲1̲ ̲s̲t̲ day of December, 2012.

THOMAS  G.  WILSON
UNITED  STATES  MAGISTRATE  JUDGE